Maxine S. BAGBY, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–3746.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1981.

Decided June 5, 1981.

W. David Klingman, Sanford L. Berman, Frockt & Klingman, Louisville, Ky., for plaintiff-appellant.

Albert Jones, J. Michael Deep, Asst. U. S. Atty., Louisville, Ky., Robert S. Greenspan, Civil Division, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WEICK and BOYCE F. MARTIN, Jr., Circuit Judges, and PHILLIPS, Senior Circuit Judge.

WEICK, Circuit Judge.

Appellant Bagby has appealed to this court from a judgment of the district court dismissing her complaint to review a decision of the Secretary who denied her social security disability benefits on the ground that it was barred by res judicata because of her failure to appeal from a previous decision of the Secretary denying the same claim about two years previously. We are of the opinion that the Secretary acted correctly and in accordance with law. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Nor did the district judge abuse his discretion in denying appellant's motion to amend her complaint.

In denying appellant's motion for leave to amend and dismissing her complaint, Chief Judge Charles M. Allen in his Memorandum Opinion stated:

Plaintiff brought this action for review of dismissal of plaintiff's application for disability insurance benefits. The matter is now before the Court on defendant's motion to dismiss, and on plaintiff's motion for leave to file an amended complaint. In her proposed amended complaint, plaintiff alleges jurisdiction on constitutional grounds. Having carefully analyzed this proposed pleading, however, we fail to see allegation of any facts which would support a claim of constitutional violation. Plaintiff does not allege that she was denied a hearing, but rather that she failed to take advantage of the appeal process available to her. Similarly, she does not allege that she was denied the right to have counsel present at a hearing, but rather that a hearing was conducted at which the plaintiff was not represented by counsel. Plaintiff does not allege that defendant failed to follow his regulations regarding reopening of final decisions, but rather that defendant failed to step outside his regulations to reopen the application on grounds of new information which was brought forth in

an entirely separate proceeding for Supplemental Security Income benefits. None of these facts, if proved, would support a finding of denial of due process. It is our opinion that permitting the filing of the proposed amended complaint would constitute a futile effort, since that pleading would then be subject to dismissal for failure to state a claim upon which relief could be granted. The Court will not indulge in useless acts. *Norbeck v. Davenport Community School District,* 545 F.2d 63, 68 (8th Cir. 1976); *Brookins v. Chrysler Corp., Dodge Main Division,* 381 F.Supp. 563 (E.D.Mich.1974).

We turn, then, to the defendant's motion to dismiss. Plaintiff alleges facts indicating that a prior application for disability insurance benefits was not pursued to judicial review, and that a subsequent application covering the same time period was dismissed on grounds of administrative *res judicata.* These facts appear to bring plaintiff squarely within the scope of *Califano v. Sanders,* 430 U.S. 99 [97 S.Ct. 980, 51 L.Ed.2d 192] (1976), which held that 42 U.S.C. Sec. 405(g) and (h) constitute a bar to the maintenance of such suits. Upon this authority, we believe defendant's motion to dismiss to be well taken, and we are without jurisdiction to entertain this action.

An order in accordance herewith has this day been entered.

The complaint was not filed in the district court by appellant's attorney until February 12, 1979. It was obviously too late then to review the final decision of the Secretary denying appellant's initial application for Social Security disability benefits filed on November 1, 1973 and denied on June 16, 1975.

The Social Security Act contains provisions for the exclusive method of reviewing decisions of the Secretary which are contained in 42 U.S.C. § 405(g). That section expressly provides for judicial review of any decision of the Secretary by filing a civil action in the district court within 60 days after the mailing to the claimant of a notice of the decision of the Secretary which was fully complied with as shown by uncontroverted evidence. Section 42 U.S.C. § 405(h) provides that "the findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency, except as herein provided." In *Califano v. Sanders, supra,* page 108, 97 S.Ct. page 985, the Supreme Court stated:

Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

The Supreme Court further stated:

The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the Secretary, to assist in the original processing of the more than 7,600,000 claims filed annually with the Administration. Page 102, 97 S.Ct. page 982.

Ms. Bagby filed a second claim on August 7, 1977, which was denied initially and upon reconsideration. A request for hearing before an Administrative Law Judge was denied on September 29, 1975, and by the Appeals Council on January 31, 1979, on the basis of res adjudicata. There was no hearing before the Administrative Law Judge on the second application for benefits. There was nothing to review by the district court. *Califano v. Sanders, supra.*

In the complaint filed by her attorney in the district court on February 12, 1979, there was no claim that appellant's constitutional rights had been violated in the consideration by the Secretary of the two claims filed by Ms. Bagby. Her claim for alleged constitutional violation had apparently not been discovered by her attorneys at that time. The claim of constitutional violation was asserted for the first time in a motion filed by her attorney in the district court for leave to amend her complaint. In that motion she alleged for the first time:

That 42 U.S.C. 405(g) and 42 U.S.C. 405(h) and the regulations promulgated

thereunder, are unconstitutional under the Fifth Amendment of the Constitution of the United States of America as the foregoing statutes and regulations interpreting them deny due process to mentally defective individuals insofar as the sections in combination deny judicial review of a decision of the Secretary denying such mentally defective individuals a hearing at which evidence on the issue of mental impairment may be offered.

No authority was cited holding that these statutes providing for the exclusive method of review of the millions of claims handled by the Secretary each year are unconstitutional. No one has ever made any such claim. No colorable claim to a constitutional violation was asserted in said motions. Claimant's insured status expired on December 31, 1970, which was the last day she met her special earnings requirement.

■ Without the benefit of legal counsel, which is not required or afforded in Social Security disability cases, she filed all of the papers necessary to exhaust her administrative requirements. These included the applications for benefits, requests for reconsideration, requests for a hearing and requests for review. She also testified at the hearing. In none of these papers which she prepared did she ever claim that she was mentally incompetent. The only claim of injury which she ever made was trouble with her glasses, blurred vision, allegedly caused by a previous injury to her neck. Her first claim was fully adjudicated without the offering of an iota of evidence that she suffered from any mental disorder. The decision by the Secretary which denied her claim for Social Security disability benefits thus became final under the decision of the Supreme Court in *Califano v. Sanders, supra,* has become res adjudicata.

She never claimed that she did not receive written notice of the denial of her first application and advised that she could review the Secretary's decision by filing a complaint in the district court within 60 days.

Her claim that her rights to due process were violated by the failure of the Secretary to appoint counsel to represent her is unsupported by any authority as the Secretary was under no such duty to appoint counsel for claimants in the millions of cases which she processes each year.

The claim that the statutes providing for review are unconstitutional is fairly good evidence that counsel concedes that his client did not comply with these statutory enactments without which the Secretary would be unable to handle the enormous load.

Furthermore, the handling of her subsequent claim for different supplemental benefits by a separate division of the Social Security office has no bearing in respect to the separate handling of her initial claim for different benefits by another division of the office.

■ In any event, the motion for leave to amend required the exercise of discretion by the district judge. It is submitted that in denying the motion for leave to amend the district judge did not abuse his discretion and we so find. Evidence of new developments of her mental condition subsequent to the expiration of her insured status would not be relevant. The recent decision of another panel of this court in *Parker v. Califano,* 644 F.2d 1199 (6th Cir.), slip opinion involving different facts is inapposite. We are not willing to disrupt the statutory review procedures by carving out exceptions which would create serious problems which could affect the rights of other innocent claimants.

The judgment of the district court is affirmed.

BOYCE F. MARTIN, Jr., Circuit Judge, dissenting:

I dissent on the ground that *Parker v. Califano,* 644 F.2d 1199 (6th Cir. 1981), requires reversal of the District Court's refusal to allow claimant to amend her complaint. Accordingly, I would reverse and remand.

In *Parker,* claimant alleged that she had been denied due process because she re-

ceived neither meaningful notice nor an opportunity to be heard in the administrative appeal process. Claimant alleged mental disability in her complaint and also submitted medical evidence with a later application that showed some mental illness which predated her first application. Based on these circumstances this court held that claimant had presented a "colorable argument that she failed to understand and act upon the notice she received because of her mental condition, and that a denial of benefits based upon this failure is a denial of due process." *Id.* at 1203.

In this case, claimant alleged in her original complaint that she has been mentally unstable since childhood and that she was mentally disabled as early as May 2, 1974, three years before she filed her second application for benefits. In an amended complaint which she sought leave to file, claimant alleged that sections 405(g) and (h) of the Social Security Act work to discriminate against mentally defective individuals. Claimant alleges, in effect, that mentally defective claimants are prevented from receiving meaningful notice by the very disability for which they seek social security benefits. In *Parker* this court held that a similar argument presented a colorable constitutional claim sufficient to confer jurisdiction on the District Court. I see no basis on which to distinguish this case from *Parker.* In my view, claimant should have been allowed to amend her complaint. Accordingly, I would reverse and remand for further proceedings consistent with our decision in *Parker.*