896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis JONES, Plaintiff-Appellant.
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1603.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1990.
 
 Before JONES and MILBURN, Circuit Judges, and CARL B. RUBIN, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Dennis Jones, appeals the Secretary of Health and Human Services' (the Secretary's) dismissal of his claim for Disabled Adult Child's Insurance Benefits (DACIB) under section 202(d) of the Social Security Act, as amended, 42 U.S.C. Sec. 402(d) (1982).[1] For the reasons which follow, we affirm.
 
 I.
 
 2
 Dennis Jones, presently age thirty-five, has been receiving supplemental security income benefits (SSI) since January of 1974. On October 27, 1980, Jones filed an application for DACIB, claiming the onset of a disability prior to age 22. The application for DACIB was denied originally and on reconsideration. Jones was granted a hearing before an Administrative Law Judge (ALJ), and on January 13, 1982, ALJ Alfred H. Varga issued an opinion in which he found that Jones was not under a disability prior to his twenty-second birthday and therefore was not entitled to DACIB. J.App. 46. Jones did not appeal the ALJ's decision.
 
 
 3
 On September 23, 1985, Jones filed a second claim for DACIB. Jones' application was denied originally and on reconsideration. Although Jones contends that "new medical records" were submitted in support of his second DACIB claim, ALJ Yim stated:
 
 
 4
 The undersigned Administrative Law Judge finds that the current application involves the same party, the same facts and the same issues as those previously adjudicated. Since Judge Varga had determined that the claimant was not disabled by an impairment which began prior to the claimant's attaining age 22, and since that determination was made when the claimant was 29 years of age, there remains no unadjudicated issues for this Administrative Law Judge to consider. Moreover, there is absolutely no evidence to indicate that Judge Varga's decision was erroneous.
 
 
 5
 Id. at 49. Accordingly, ALJ Yim dismissed Jones' request for a hearing on his second DACIB claim.
 
 
 6
 Jones sought judicial review of the latter dismissal pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. 405(g), and under 20 C.F.R. Sec. 422.210(1989). Pursuant to Fed.R.Civ.P. 12(b), the Secretary moved to dismiss Jones' complaint for lack of subject matter jurisdiction, on grounds of res judicata, and for failure to state a claim upon which relief may be granted. The matter was referred to Magistrate Lynn V. Hooe for report and recommendation. Magistrate Hooe recommended granting the Secretary's motion, and this recommendation was accepted by the district court. Jones has filed timely notice of appeal.
 
 II.
 
 7
 Judicial review of the Secretary's decision is restricted to an inquiry of whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied the proper legal standards in reaching his conclusions. Richardson v. Perales, 402 U.S. 389, 401 (1971); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). We are concerned in the present appeal only with the Secretary's construction and application of the law.
 
 
 8
 Jones began receiving SSI before he turned 22. On appeal, Jones contends that because the standard for determining of a disability is the same for both DACIB and SSI, the Secretary's determination that he was not entitled to DACIB because he had no disability before age 22 is erroneous. Jones also raises ancillary arguments regarding the government's failure to file a transcript of the administrative proceedings in this case.
 
 A.
 
 9
 In response to Jones' first argument, the government invokes the procedural bar of res judicata, contending that judicial review of the Secretary's dismissal of Jones' second DACIB claim is precluded by 42 U.S.C. Sec. 405(g) and other relevant authority. Section 405(g) provides in part:
 
 
 10
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. (Emphasis added.)
 
 
 11
 The doctrine of res judicata applies to administrative decisions rendered when an agency is acting in a "judicial capacity." United States v. Utah Construction & Mining Co., 384 U.S. 394, 421-22 (1966); 20 C.F.R. Sec. 404.957(c)(1) (expressly authorizing an ALJ to dismiss a hearing request on grounds of res judicata). However, denial of a request for a hearing on grounds of res judicata does not satisfy section 405(g)'s jurisdictional requirement that there be a "final decision of the Secretary made after a hearing" in order for the district court to exercise review. Califano v. Sanders, 430 U.S. 99, 108 (1977); Bagby v. Harris, 650 F.2d 836, 838 (6th Cir.), cert. denied, 454 U.S. 1087 (1981). In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision. See id. at 838.
 
 
 12
 Although Jones concedes that there was no hearing regarding the denial of his second DACIB claim, he contends that the Secretary should have reopened his case pursuant to 20 C.F.R. Sec. 404.988(c)(8), which provides:
 
 
 13
 A determination, revised determination, decision, or revised decision may be reopened ... [a]t any time if ... [i]t is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made.... (Emphasis added.)
 
 
 14
 In the absence of a constitutional challenge, this court may not review the Secretary's decision not to reopen Jones' second DACIB claim. See Gosnell v. Califano, 625 F.2d 744, 745 (6th Cir.1980) (per curiam). Jones advances two constitutional arguments. First, he contends that he was denied due process of law because he was not represented by an attorney in pursuing his second DACIB claim. Second, Jones contends that because he presented "additional medical information" to support his second DACIB claim, due process requires that his case be reopened and that he be granted a hearing. Jones' first constitutional claim should be rejected because "the mere fact that a claimant was unrepresented is not grounds for reversal." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 856 (6th Cir.1986). Because Jones has not demonstrated that he was adversely affected by the absence of counsel, his arguments on this issue are unavailing. See id.
 
 
 15
 With regard to Jones' second constitutional argument, it is Jones' burden to show that an "error ... on the face of the evidence" was made which warrants reopening his case. Gosnell v. Secretary of Health & Human Services, 703 F.2d 216, 219 (6th Cir.1983). The so-called new medical evidence that Jones presents consists of two letters from medical doctors describing a seizure disorder and nonHodgkins Lymphoma with Liver Mets diagnosed in 1984. Because this medical evidence pertains to a condition diagnosed after Jones' twenty-second birthday, it does not bear upon his eligibility for DACIB. Accordingly, we reject Jones' second due process argument.
 
 
 16
 Jones also contends that the Secretary improperly failed to produce a copy of the transcript of the administrative proceedings in this case. He requests that this court order such production. 42 U.S.C. Sec. 405(g) provides that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." In the instant case, rather than answering Jones' complaint, the Secretary filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). Accordingly, submission of a transcript was unnecessary.
 
 III.
 
 17
 For the foregoing reasons, the decision of the Secretary is AFFIRMED.
 
 
 
 *
 Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 In substance, Section 202(d)(1) provides that a child of an individual entitled to old age or disability insurance benefits is entitled to Child's Insurance Benefits if he is under a disability (as defined by Section 223(d) of the Social Security Act) which began before his twenty-second birthday