**Gerald M. HILMES, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.**

**No. 91–4198.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1992.

Decided Jan. 13, 1993.

John McClorey (argued and briefed), Somerset, KY, for plaintiff-appellant.

Anne K. Kleinman (briefed), Gary A. Sultz (argued), Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, IL, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, OH, Joseph E. Kane, Asst. U.S. Atty., Columbus, OH, for defendant-appellee.

Before: GUY and RYAN, Circuit Judges; and CHURCHILL, Senior District Judge.*

RALPH B. GUY, JR., Circuit Judge.

Social Security recipient Gerald Hilmes appeals the district court's order affirming the dismissal of his request for a hearing, at which he had hoped to argue that his disability had begun earlier than had been determined. The Secretary of Health and Human Services had dismissed his request as untimely. Finding that the district court lacked jurisdiction under 42 U.S.C. § 405(g) to consider this appeal, we affirm the dismissal.

I.

In late April of 1989, the Social Security Administration issued Hilmes a notice of award, informing him that he was entitled to disability benefits as of November 2, 1988. The notice apprised Hilmes of the proper procedure for challenging this determination: he was to file a request for a hearing before an ALJ within 60 days of receiving the notice.

On June 22, 1989, toward the end of this 60-day period, Hilmes' attorney wrote to the chief ALJ at the administration's Lexington, Kentucky, hearings office. The letter acknowledged that the deadline for a hearing request was June 29, 1989, but the attorney stated that he needed to review Hilmes' official file before deciding whether to advise Hilmes to submit such a request.[1]

In this letter, the attorney asked for a 60-day extension of the request deadline. He also asked that copies of various documents in Hilmes' file be sent to him directly or to the administration's Somerset, Kentucky, office where he would make copies. Under the relevant regulations, an applicant who asks for more information about an administrative action (here, the determi-

nation of the onset date) has 60 days from the time he receives the requested information to file a request for a hearing. 20 C.F.R. § 404.911(b)(5).

A few days later, the ALJ wrote to the attorney saying that he had "no jurisdiction" over the case or the file and instructed the attorney to go ahead and request a hearing.[2]

More than three months later, on October 3, 1989, the attorney submitted the hearing request. Although a claims representative had stamped the form as "timely filed," an ALJ eventually dismissed the request as overdue. The ALJ stated that Hilmes' 60-day extension had expired on August 28, 1989, and that the request was not submitted until some five weeks later. The ALJ also determined that there had been no good cause for missing the extended deadline.

In a letter to the ALJ responding to the dismissal, Hilmes' attorney articulated a specific basis for his claim of good cause. According to the letter, the documents that the attorney had requested back in June 1989 were not "made available" to him until August 15, 1989. The hearing request of October 4 had been filed dutifully within 60 days of that date. Hilmes later contradicted this version of events, however, in his objections to the magistrate's report and recommendation by asserting that the file did not arrive in the Somerset office until "September, 1989."

Hilmes then asked the Appeals Council to review the ALJ's order of dismissal. In support of his request for review, Hilmes stated merely that "good cause did in fact exist" for filing the hearing request on that late date.

The Appeals Council declined to review the matter, although it did go on to find, in essence, that the file indicated that there had been no good cause for missing the extended deadline by five weeks.

---

* The Honorable James P. Churchill, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Apparently, the attorney was concerned that a hearing could jeopardize the other, favorable determinations made in Hilmes' case.

2. Although the ALJ's cryptic note clearly instructed Hilmes to proceed with a hearing request, it is difficult to tell whether it conditioned access to the documents on such a request.

Hilmes filed suit in federal district court, seeking review of the dismissal of his hearing request. The Secretary did not file an answer, but moved to dismiss for lack of subject matter jurisdiction, claiming that there had been no "final decision" of the Secretary and that the dismissal was a discretionary action not subject to judicial review.

The district court rejected the Secretary's jurisdictional argument, but affirmed the dismissal of the hearing request.

## II.

On appeal, Hilmes claims that the district court, lacking the administrative record due to the Secretary's decision to file only a pre-answer motion, failed to engage in a full and fair review of the dismissal order. The record, Hilmes argues, would have enabled the court to determine whether the Secretary had a substantial basis for deciding that there had been no good cause for the delayed filing of Hilmes' hearing request. Without specifying exactly when this did occur, Hilmes argues that the record would reveal when he received the information he had asked for, and that his October 4 hearing request was filed within 60 days of its receipt. Hilmes asks us to remand the case "with an Order directing the Secretary to file a complete administrative record including all documents and records relating to when the file was made available to Gerald Hilmes following his request for additional information...." (Plaintiff's Brief at 6).

■ The Secretary renews the jurisdictional challenge to Hilmes' appeal. Since a decision to deny a hearing request is itself made without a hearing, the Secretary argues, that decision does not fall within the purview of 42 U.S.C. § 405(g), which states:

> Any individual, after any *final decision of the Secretary made after a hearing* to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

decision or within such further time as the Secretary may allow.

(Emphasis added.) The Supreme Court has endorsed the Secretary's interpretation of this provision. In a case involving the Secretary's refusal to reopen a benefits claim, the Court reasoned that, since "a petition to reopen a prior final decision may be denied without a hearing," that decision, though binding on the parties, does not constitute a reviewable decision under § 405(g). *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). This reading of § 405(g) was compelled in part by "Congress' determination ... to limit judicial review to the original decision denying benefits...." *Id.*

This court applied the *Sanders* construction of § 405(g) in refusing to review the Secretary's decision to deny, on *res judicata* grounds, a request for a hearing. In *Bagby v. Harris*, 650 F.2d 836 (6th Cir.), *cert. denied*, 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981), the claimant had failed to appeal a previous decision denying her claim for benefits, a claim she again presented two years later. The ALJ and the Appeals Council refused her request for a hearing on the second (identical) claim. Citing *Sanders*, this court held that since there had been no hearing, "[t]here was nothing to review by the district court." *Bagby*, 650 F.2d at 838.

Another panel of this court reached the same conclusion, for the same reason, in a recent unpublished decision involving, like *Bagby*, the Secretary's refusal to grant a hearing on a claim apparently barred by *res judicata*.

> [D]enial of a request for a hearing on grounds of *res judicata* does not satisfy section 405(g)'s jurisdictional requirement that there be a "final decision of the Secretary made after a hearing" in order for the district court to exercise review. In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision.

*Jones v. Secretary of Health and Human Servs.*, No. 89–1603, slip op. at 3, 1990 WL 17265 (6th Cir. Feb. 27, 1990) (citations omitted).

As demonstrated by the plethora of cases cited by the Secretary, this reading of § 405(g) has been adopted throughout the federal circuits in cases considering the reviewability of dismissals of hearing requests and refusals to reopen claims.[3] While most of these cases involved decisions based on *res judicata*, the reason for the dismissal of the hearing request—so long as it does not implicate constitutional concerns—does not appear to affect the analysis. Thus, for example, in *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir.1983), the dismissal of a hearing request as untimely would have been unreviewable in the absence of the claimant's due process challenge based on ineffective notice. *See also Harper v. Bowen*, 813 F.2d 737 (5th Cir.) (denial of an extension of time to seek Appeals Council review of an ALJ decision was not reviewable), *cert. denied*, 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987); *Bacon v. Sullivan*, 969 F.2d 1517 (3d Cir. 1992) (Appeals Council's dismissal of untimely appeal from ALJ decision is not reviewable). Similarly, a dismissal of a hearing request based on the claimant's failure to attend the scheduled hearing was held unreviewable in *Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir.1992). The *Sanders* rationale also has barred review of the Secretary's denial of petitions seeking more time in which to file the initial request for a hearing before an ALJ. *See, e.g., Watters v. Harris*, 656 F.2d 234, 239 n. 10 (7th Cir.1980) ("The intent was that § 405(g) not apply to decisions which lawfully could have been made without any hearing at all.").

The well-established exception for constitutional challenges is of no help to Hilmes. In recognizing this limited exception to the jurisdictional bar, the *Sanders* Court stated that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sand-*

*ers*, 430 U.S. at 109, 97 S.Ct. at 986. The constitutional defect Hilmes alleges on appeal is the district court's failure to review the administrative record—which the Secretary did not file—to determine whether in fact he had good cause for missing the extended deadline.

As thus described, the procedural flaw was in the district court and not in the Secretary's decisionmaking process, as the exception envisions. Hilmes did aim a constitutional claim directly at the Secretary when he alleged that the Secretary deprived him of the opportunity to present his "good cause" argument. Even if we consider this due process challenge which Hilmes raised before the district court (but which he did not here renew), we would find that he had ample opportunity to present his reasons for filing the hearing request so late. Just as he had done in his previous letter to the ALJ who dismissed his hearing request, Hilmes could have explained to the Appeals Council *why* he thought his reasons for the late filing constituted "good cause" under 20 C.F.R. § 404.911(b)(5). In seeking Appeals Council review, he was free to submit any documents or other evidence in support of this claim. 20 C.F.R. § 404.968(a). By submitting only the conclusory statement that he had good cause, Hilmes squandered the opportunity to present his claim effectively, and we reject the attempt to transform such neglect into a constitutional claim.

In so holding, we necessarily endorse the district court's analysis of Hilmes' due process claim. The only difference is that the district court, while ultimately rejecting it, found the claim sufficiently colorable so as to fall within the *Sanders* exception to nonreviewability.

AFFIRMED.

---

**3.** *See, e.g., Nelson v. Secretary of Health and Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990); *Torres v. Secretary of Health and Human Servs.*, 845 F.2d 1136, 1138 (1st Cir.1988); *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir.), *cert. denied*, 467 U.S. 1217, 104 S.Ct. 2664, 81 L.Ed.2d 369 (1984); *Harapat v. Califano*, 598 F.2d 474, 477 (8th Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979).