23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Glenn David POWELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6537.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from the dismissal of a complaint seeking review of a decision of the Secretary of Health and Human Services. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Glenn David Powell, a Kentucky resident, sought judicial review under 42 U.S.C. Sec. 405(g) of a decision not to reopen or reexamine a previous decision to terminate Powell's social security disability insurance benefits. The government moved to dismiss the complaint for want of subject matter jurisdiction. The district court subsequently ordered that the complaint be dismissed. This appeal followed. The parties have briefed the issues; Powell is proceeding without benefit of counsel. The court renders de novo review of judgments dismissing cases for lack of subject matter jurisdiction, Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991), or for being barred under the doctrine of res judicata. Sanders Confectionery Prods. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 113 S.Ct. 1046 (1993).
 
 
 3
 In 1973, Powell was adjudged disabled by the Secretary and received disability benefits until 1982. In that year, the Secretary reviewed Powell's case and determined that he was no longer entitled to benefits. Powell's request for a hearing to contest the decision was ultimately denied as being out of time. There is no indication of record that Powell pursued an appeal of this decision in federal court.
 
 
 4
 In 1984, Powell filed another application for disability benefits. This application was denied initially, then after an evidentiary hearing and finally by the Appeals Council. There is, again, no indication that Powell pursued any federal court appeal from this decision.
 
 
 5
 In 1990, Powell filed the claim for disability benefits that led to the present appeal. The administrative law judge who reviewed this latter application concluded that, as most of the contentions and medical evidence were identical to that presented in the earlier applications, the claim should be rejected on the basis of res judicata. Powell's appeal to the Appeals Council, based chiefly on his contention that he was essentially defrauded out of his rightful benefits by the system, was unsuccessful. Powell sought review of this decision in federal district court.
 
 
 6
 The district court entered a brief judgment of dismissal in which no reasons for the decision are appended. Fed.R.Civ.P. 52(a) provides inter alia that a district court is not required to set forth findings of fact or conclusions of law on decisions of motions under Civil Rule 12. This absence of findings is not error as it indeed appears that a Civil Rule 12 dismissal was proper.
 
 
 7
 The Secretary's decision in the present case was to deny a hearing request on the basis of res judicata. This decision was itself made without a hearing and is supported by the record. The Secretary thus asserts that the district court lacked subject matter jurisdiction under 42 U.S.C. Sec. 405(g) to entertain Powell's complaint.
 
 
 8
 42 U.S.C. Sec. 405(g) provides, in relevant part, that
 
 
 9
 [a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
 
 
 10
 The Supreme Court has held Sec. 405(g) to mean that the denial without a hearing of a petition to reopen a prior final decision of the Secretary does not constitute a decision reviewable in federal court. Califano v. Sanders, 430 U.S. 99, 108 (1977). The Sixth Circuit has applied Califano in holding that a district court lacked jurisdiction to review a denial of a petition to reopen when the denial was based on res judicata grounds. Bagby v. Harris, 650 F.2d 836, 838 (6th Cir.), cert. denied, 454 U.S. 1087 (1981). The district court's decision to dismiss Powell's complaint was proper and the appeal is meritless.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.