54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Elzie BATES, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-6279.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Elzie Bates appeals from the judgment dismissing a complaint seeking review of a decision of the Secretary of Health and Human Services. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1987 and 1991, Elzie Bates filed separate claims seeking disability benefits under the Social Security Act. The claims were consolidated and eventually denied by an administrative law judge (ALJ). The Appeals Council refused to review the propriety of the ALJ's order which then became the final decision of the Secretary. Bates sought review of the Secretary's ruling in district court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the action should be dismissed for lack of subject matter jurisdiction. The district court adopted this recommendation over Bates's objections and this appeal followed. The parties have briefed the issues. Bates is proceeding without benefit of counsel.
 
 
 4
 Bates has filed several claims for disability benefits based on asthma and a back condition. The first of these claims was denied in 1979 and each subsequent claim has also met with no success. The present appeal involves the decision denying a hearing in consolidated claims filed in 1987 and 1991. The ALJ found that there were no grounds to revisit previous adverse decisions of the Secretary based on the same claimed disabling conditions so that the consolidated claims should be dismissed under the doctrine of res judicata. The Appeals Council did not disturb this assessment.
 
 
 5
 The magistrate judge concluded that, as the Secretary's decision was clearly based on res judicata, there was no underlying subject matter jurisdiction. The district court agreed and adopted the magistrate judge's recommendation to this effect.
 
 
 6
 This court renders de novo review of judgments dismissing cases for lack of subject matter jurisdiction, Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir. 1991), or as barred under the doctrine of res judicata. Sanders Confectionery Prods. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992), cert. denied, 113 S. Ct. 1046 (1993).
 
 
 7
 Bates sought review of the Secretary's ruling in district court pursuant to 42 U.S.C. Sec. 405(g). The Supreme Court has held Sec. 405(g) to mean that the denial without a hearing of a petition to reopen a prior final decision of the Secretary does not constitute a decision reviewable in federal court. Califano v. Sanders, 430 U.S. 99, 108-09 (1977). The Sixth Circuit has applied Califano in holding that a district court lacked jurisdiction to review the denial of a petition to reopen when the denial was based on res judicata grounds. Bagby v. Harris, 650 F.2d 836, 838 (6th Cir.), cert. denied, 454 U.S. 1087 (1981). In the present case, it cannot be gainsaid that the decision sought to be reviewed falls within this category. The district court properly declined to exercise subject matter jurisdiction where there was none.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation