89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel SINKA, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1849.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1996.
 
 1
 Before: SILER and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Daniel Sinka, through counsel, appeals a district court order granting the defendant's motion to dismiss his complaint on grounds of res judicata in this case concerning Social Security benefits. 42 U.S.C. § 405(g). The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff filed an application for disability insurance benefits (DIB) on August 8, 1988, stating that he was disabled due to arthritis, with an onset date of June 2, 1985. The claim was denied initially and upon reconsideration. Sinka did not seek further review of that claim, but filed two more applications, for DIB and supplemental security income benefits, on June 18, 1991. These claims were also denied. On June 21, 1993, Sinka filed a third application for DIB. That claim was also denied, initially, and upon reconsideration. Sinka then requested a hearing on his third claim, but an ALJ dismissed the claim without a hearing, because he determined that: (1) the four-year time limit had passed for reopening Sinka's first claim, pursuant to 20 C.F.R. §§ 404.987-404.989; and (2) the doctrine of res judicata, applicable to social security claims pursuant to 20 C.F.R. § 404.957(c)(1), precluded the ALJ from considering this third claim.
 
 
 4
 Sinka then filed a timely complaint in federal district court and the district court held a hearing on the issue of whether the last claim should have been dismissed on the basis of res judicata. Thereafter, the district court granted the defendant's motion to dismiss. On appeal, Sinka raises the sole issue of whether the ALJ improperly applied the doctrine of res judicata to his third DIB claim because the Commissioner's notice that his first DIB claim was denied allegedly violated his Fifth Amendment right to due process.
 
 
 5
 Upon review, this court concludes that the district court properly granted the defendant's motion to dismiss. Because the district court considered matters outside of the pleadings to dismiss this suit, notwithstanding the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this court will review the district court order as a grant of summary judgment in favor of the defendant. Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir.1995). This court's review of a grant of summary judgment is de novo. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp., 43 F.3d at 250.
 
 
 6
 The defendant has met her burden of showing an absence of evidence to support Sinka's claim that he was denied due process. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Sinka has presented a "colorable constitutional claim," supporting jurisdiction in federal court. See Bogle v. Sullivan, 998 F.2d 342, 346 (6th Cir.1993); Hilmes v. Secretary of Health and Human Servs., 983 F.2d 67, 70 (6th Cir.1993). However, Sinka has received judicial review of the res judicata issue, in district court, and may not receive a "second bite of the apple" in this appeal. Day v. Shalala, 23 F.3d 1052, 1066 n. 17 (6th Cir.1994). The district court permitted Sinka to present evidence, at the hearing, to support his Fifth Amendment claim, and this hearing resolved any due process concerns.
 
 
 7
 Accordingly, the district court's order is affirmed.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation