103 F.3d 132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo James WALL, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY; Michigan Attorney General,
Defendants-Appellees.
 No. 96-1378.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Leo James Wall appeals a district court judgment affirming the Commissioner's decision not to reopen a prior determination concerning Wall's computation of benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September 1983, Wall filed an application for disability insurance benefits. In his application, Wall alleged that he was disabled due to a back injury and arthritis. The application was denied after a hearing before an administrative law judge (ALJ). The Appeals Council denied review.
 
 
 4
 Wall then filed a second application for disability insurance benefits in December 1984. The Social Security Administration awarded Wall benefits with an effective date of November 15, 1984. Thereafter, Wall requested that his onset date be reconsidered. Upon reconsideration, the Social Security Administration determined Wall's disability date as September 1983. Wall was subsequently notified of the exact amount of his disability benefits.
 
 
 5
 Wall then requested that his benefit award be reexamined. The Social Security Administration informed Wall that his benefit award was correct. Wall sought a hearing before an ALJ. The ALJ reaffirmed Wall's onset date and stated that Wall's primary insurance amount was to be recomputed to consider Wall's military service and corrections in his earning statements. The ALJ was later informed by the Office of Disability Operations that it could not effectuate his decision because the Office had already given Wall credit for his prior military service and for the disputed earnings.
 
 
 6
 Wall sought review from the Appeals Council. The Appeals Council declined review and Wall failed to seek judicial review of this decision.
 
 
 7
 Wall then sent a letter to the Social Security Administration questioning his award of benefits. In July 1990, the Social Security Administration sent Wall a detailed letter explaining the calculation underlying his award. Wall sought reconsideration of the computation, which was denied. Wall then requested an administrative hearing.
 
 
 8
 In September 1994, an ALJ issued a decision dismissing Wall's claim under the doctrine of res judicata. The Appeals Council declined to review the ALJ's decision.
 
 
 9
 Wall sought judicial review of the Commissioner's decision. Originally, Wall sought review in the state courts of Michigan and also named the Michigan Attorney General as a defendant. The case was subsequently removed from the state courts of Michigan pursuant to 28 U.S.C. §§ 1441 and 1446. The Michigan Attorney General was dismissed as a party because the dispute did not involve the State of Michigan. Upon de novo review of a magistrate judge's report, the district court granted judgment for the Commissioner.
 
 
 10
 Federal courts lack jurisdiction to review the Commissioner's decision not to entertain a subsequent application for benefits on res judicata grounds. Bagby v. Harris, 650 F.2d 836, 838-39 (6th Cir.), cert. denied, 454 U.S. 1087 (1981). The district court properly dismissed the case for lack of jurisdiction because the Commissioner had determined that Wall's request for review of his calculation of benefits was barred on administrative res judicata grounds. Id. Finally, we note that Wall's constitutional arguments are meritless.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation