**Thomas L. SMITH, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. 92–K–297.**

United States District Court,
D. Colorado.

Jan. 17, 1997.

---

Frederick W. Newall, Colorado Springs, CO, for Plaintiff.

Kathleen L. Torres, Assistant U.S. Attorney, Denver, CO, for Defendant.

### MEMORANDUM DECISION ON MOTION TO REACTIVATE CASE AND FOR AN AWARD OF BENEFITS

KANE, Senior District Judge.

This case was filed as an administrative appeal from the decision of the Defendant Secretary denying the request of Plaintiff

Thomas L. Smith to reopen his January 19, 1982 claim for disability insurance. Following a remand at the request of the Secretary, Smith moved for leave to file an amended complaint requesting review of the denial by the Appeals Council to review a relatively newly discovered 1984 claim.

In the Memorandum Decision on Appeal and Order of Partial Remand dated January 31, 1996, I found I was without jurisdiction to review the Administrative Law Judge's ("ALJ's") decision to deny reopening of the January 1982 claim. I remanded this case to the Defendant to clarify the record on the 1984 claim and for further action to resolve the issues involving the 1984 application.

On April 25, 1996, an Appeals Council Order of Clarification was issued. (R. at 659–60.) The order states that Social Security Administration's ("SSA's") computerized records indicate that a request for a hearing on the 1984 application was filed on October 10, 1984, and was dismissed on February 13, 1985, on the basis of Smith's abandonment.[1] (*Id.* at 660.) The Appeals Council determined the ALJ's dismissal of the October 10, 1984 request for hearing in connection with the application filed on March 20, 1984 was final and binding, no issues remained for resolution by the Defendant raised by that application, and the reconsideration determination dated September 28, 1994 stood as the final determination of the Secretary on that application.

On June 17, 1996, Smith filed the pending Motion to Reactivate Case and for an Award of Benefits. He challenged The Secretary's holding that the dismissal by the ALJ of the request for a hearing constituted a denial of all of his 1984 claims, which he maintains included a claim for Title II benefits in addition to a claim for supplemental security income under Title XVI of the Social Security Act. (Mot. to Reactivate Case ¶¶ 6–11.)

The Secretary filed a memorandum in opposition to Smith's motion to reactivate and requested dismissal of the case. Smith filed a reply. In addition, he obtained leave to file Plaintiff's Supplemental Brief.

In the supplemental brief Smith focuses on a remark in the background section of the Appeals Council's April 16, 1996 Order of Clarification to the effect that the ALJ had, on March 16, 1991, "declined to reopen the initial determination on an August 6, 1992 application (Tr. 466–461)," (R. at 659).

Smith states he initially filed an application for Title II benefits on January 19, 1982, which was denied on April 4, 1982, (R. at 489), a denial which he did not appeal.

He notes this court's January 31, 1996 order denied his request to reopen the January 19, 1982 claim on the grounds of lack of jurisdiction to review the decision not to reopen that claim. Smith states the ALJ had refused to reopen only one of two 1982 claims. If this court's holding stands, he argues, then the August 1982 claim was constructively reopened under *Taylor for Peck v. Heckler,* 738 F.2d 1112 (10th Cir.1984) because the Secretary had never explicitly refused to reopen that application. On the other hand, if the Appeals Council ruling applies, then the ALJ denied reopening of the August 1982 claim and the January 1992 claim was constructively reopened.

For the reasons stated below, I deny Smith's Motion to Reactivate Case and for an Award of Benefits and dismiss the case.

*Issues for Consideration.*

In the January 31, 1996 Order, I found I was without jurisdiction to review the ALJ's decision to deny reopening of the January 1982 claim. I remanded this case to the Secretary to clarify the record on the 1984 claim and for further action to resolve the issues involving the 1984 application. Because the Secretary's action in this regard is the only issue properly before me, I decline to consider whether there has been a *de facto* or constructive reopening of an August 1982 claim.

With regard to the 1984 application, the Secretary had argued that I lacked jurisdiction to review the decision of an Administra-

---

1.  A declaration was prepared by the Acting Deputy Chairman of the Appeals Council attesting to this information about the 1984 claim.

tive Appeals Judge not to reopen that claim. I did not rule on this issue because of the paucity of information regarding the 1984 claim.

Upon remand for clarification, the Appeals Council stated the following with regard to the 1984 claim:

> On February 21, 1995, counsel submitted exceptions again disagreeing with the finding that the claimant was not precluded by a mental impairment from pursuing his prior applications. Counsel noted that an application had been filed on March 16, 1984, and that a request for a hearing had been filed on October 10, 1984, on that application. The attorney contended that the 1984 claim was "open" and he requested reopening of that claim as well as the 1982 claim (Tr. 7–10). By notice dated September 15, 1995, the Appeals Council declined jurisdiction (Tr. 4–6). Because the claimant's attorney raised the reopening issue with respect to the 1984 claim, this claim was included in the Appeals Council's notice declining jurisdiction. Case control records indicated that the request for a hearing filed on October 18, 1984 [sic], had been dismissed on February 13, 1985, on the basis of the claimant's abandonment.
> The claimant's attorney returned to court maintaining that no final decision had ever been taken on the 1984 application. A print-out of the computerized records maintained by the Social Security Administration document [sic] that the request for hearing filed on the 1984 claim was dismissed by an Administrative Law Judge on February 13, 1985, on the basis of the claimant's abandonment. A Declaration was prepared on January 30, 1996, by the Acting Deputy Chairman of the Appeals Council attesting to the above information concerning the 1984 claim.

(R. at 660.)

The Appeals Council determined the ALJ's dismissal of the request for hearing filed on October 10, 1984 in connection with the March 1984 application was final and binding and no issues remained to be resolved by the Defendant raised by that application. It ordered that the reconsideration determination dated September 28, 1984 (denying reconsideration of the denial of the 1984 claim), (R. at 621), stood as the final determination of the Secretary on Smith's March 1984 application. (*Id.*)

In his Motion to Reactivate the Case and for an Award of Benefits, Smith challenges the Secretary's holding that the 1984 denial amounted to a denial of all of his 1984 claims. He states his 1984 Supplemental Security Income ("SSI") claim, was also an application for Title II benefits in that it was an application for "Supplemental Security Income under title XVI of the Social Security Act, for benefits under the other programs administered by the Social Security Administration. . . ." (R. at 626.)

Smith asserts the SSI denial notices did not explicitly deny his "constructive" Title II claim. He cites the form language in the Supplemental Security Income Notice denying his 1984 application: "This determination refers only to your claim for supplemental security income payments. You will be notified separately if you also filed a claim for Social Security Benefits." (R. at 624.) He refers further to the Supplemental Security Income Notice of Reconsideration—Disability of September 20, 1984, denying reconsideration of the 1984 claim and stating: "This decision refers only to your claim for Supplemental Security Income payments. Any decision about your benefits under the Social Security Disability Insurance program will be sent to you in a separate notice." (R. at 621.) Finally, Smith cites the ALJ's March 1991 "first post 1984 Title II final decision," (R. at 465), and asserts "an inclusive application was not met with an inclusive denial." (Mot. to Reactivate ¶ 7.) Because there was no separate Title II denial notice on the 1984 claim, Smith argues it should be considered an open claim.

■ Smith's assertion that he filed a "constructive" 1984 Title II disability benefits claim in addition to his claim for SSI benefits is unsupported by the facts. His reliance on the form language in the Supplemental Security Income Notice denial notice, "[y]ou will be notified separately *if* you also filed a claim for Social Security Benefits," (R. at 624),

(emphasis added), does not bolster such contention. Moreover, he makes no showing that he relied on the specific lack of language in the denial notice as required by the Tenth Circuit in *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995).

■ In Smith's October 10, 1984 "Request for Hearing" following the denial, he checked off the box stating that his claim was for "SSI, Disability .. With Title II Claim." (R. at 641.) According to a print-out from the computerized files of the Social Security Administration, as explained in the Declaration of the Acting Deputy Chairman of the Appeals Council, Smith's request for a hearing was dismissed on February 13, 1985 on the grounds of his abandonment of the request for a hearing. (Mot. to Dismiss, Jan. 30, 1996, Decl. Wakshul ¶ (b), Ex. 3.) Accordingly, even if, as Smith asserts, his 1984 claim was for both Title XVI and Title II benefits, the abandonment of the request for hearing in this regard and the subsequent dismissal of the request for a hearing were operative with regard to both claims.

■ I find the Appeals Council's determination that the 1984 claim was dismissed based on the abandonment of the request for a hearing was supported by substantial evidence. *See* 42 U.S.C. § 405(g). Contrary to Smith's assertion, the evidence relied on, the computerized file of the Social Security Administration as verified by the Acting Deputy Chairman of the Appeals Council, does not constitute the type of unreliable hearsay relied on by the Appeals Council in *Descheenie ex rel. Descheenie v. Bowen,* 850 F.2d 624, 628 (10th Cir.1988).

I find the evidence relied on has " 'some substance to it,' " *Jozefowicz v. Heckler,* 811 F.2d 1352, 1357 (10th Cir.1987) and does not constitute a "mere conclusion," *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988). Moreover, the evidence that the request for rehearing was abandoned is strengthened by Smith's years of silence and the absence of any conflicting evidence as to the fate of the request for rehearing regarding 1984 application.

■ Because no final decision after a hearing was rendered, *see* 42 U.S.C. § 405(g), nor was there a right to a final decision, 20 C.F.R. § 404.902 (1996), Smith is not entitled to this court's review of the Defendant's dismissal of his hearing request. *See Hilmes v. Secretary of Health & Human Servs.,* 983 F.2d 67, 69 (6th Cir.1993) (denying request for a hearing on the grounds of untimeliness is not a final decision and is not judicially reviewable); *Brandyburg v. Sullivan,* 959 F.2d 555, 560 (5th Cir.1992) (finding dismissal of a hearing request because claimant failed to appear at a hearing is not a final decision subject to judicial review); *Nelson v. Secretary of Health & Human Services,* 927 F.2d 1109, 1110 (10th Cir.1990) (affirming district court's finding that it lacked jurisdiction to review denial of a request for a hearing where the claimant had failed to raise a colorable constitutional law claim).

■ I reject Smith's argument that the ALJ's failure to address the 1984 claim in his 1991 decision, (A.R. at 466–470), constituted a *de facto* reopening of the 1984 claim. The reliance on *Taylor for Peck v. Heckler,* 738 F.2d 1112 (10th Cir.1984) is misplaced. There, as noted in my earlier Order, the Tenth Circuit found the ALJ's review of the merits of an earlier final determination constituted a *"de facto"* reopening of that determination. Here, there was no review of the merits of the 1984 claim by the ALJ in his 1991 decision.

Moreover, on September 15, 1995, the Appeals Council concluded there was no basis for a reopening of the 1984 claim. The *Peck* court noted: "When the Social Security Administration refuses to reopen a claim for benefits, that decision is unreviewable." *Id.* at 1115 n. 6. *See also Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir.1990) (finding there was no reopening in fact where there was an express refusal to reopen).

■ Smith further claims his 1984 claim should be reopened because "the regulatory provisions allowing for reopening on the grounds of error on the face of the evidence should be applicable." (Mot. to Reactivate ¶ 11.) The federal regulations permit a reopening at any time if "[i]t is wholly or partially unfavorable to a party, but only to

correct error or an error that appears on the face of the evidence that was considered when the determination or decision was made." 20 C.F.R. § 404.988(c)(8) (1996). Smith does not identify the claimed error nor elaborate upon this assertion in his reply.

■ Finally, I do not find merit in Smith's contention that the doctrine of manifest injustice applies. This exception "appears to be concerned essentially with fairness in the administrative process and a denial of due process." *Kasey v. Sullivan,* 3 F.3d 75, 79 (4th Cir.1993). Smith was represented by counsel at all relevant times and has made no showing in this regard.

For the aforesaid reasons, I find myself without jurisdiction to review Smith's 1984 claim, deny Smith's Motion to Reactivate Case and for an Award of Benefits and dismiss the case. Accordingly,

IT IS ORDERED THAT the Motion to Reactivate Case and for an Award of Benefits is DENIED;

IT IS FURTHER ORDERED THAT Plaintiff's appeal from the decision of the Secretary denying Plaintiff's Request to reopen his 1984 claim is DENIED FOR LACK OF JURISDICTION.

IT IS FURTHER ORDERED THAT this case is DISMISSED, each party to pay his or her own costs.