USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1123

 MATILDE MATOS-CRUZ,

 Plaintiff, Appellant,

 v.

 COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 Juan A. Hernandez Rivera and Raymond Rivera Esteves on brief
for appellant.
 Guillermo Gill, United States Attorney, Lilliam Mendoza Toro,
Assistant U.S. Attorney, Arthur J. Fried, General Counsel,
Charlotte J. Hardnett, Principal Deputy General Counsel, John M.
Sacchetti, Associate General Counsel, Litigation Division, and
Eileen A. Farmer, Attorney, Office of the General Counsel, Social
Security Administration, on brief for appellee.

OCTOBER 7, 1998

 
 
 Per Curiam. In this Social Security appeal, claimant
 Matilde Matos-Cruz seeks to challenge an agency decision
 refusing to reinstate her request for an administrative
 hearing. We agree with the district court that subject-matter
 jurisdiction is lacking to review such a ruling. We therefore
 affirm the judgment of dismissal.
 In 1994, at age 36, claimant filed a claim for child's
 insurance benefits as the adult child of a deceased wage
 earner, alleging that she had been disabled since birth. 
 Following a preliminary denial of her claim, claimant requested
 a hearing before an Administrative Law Judge ("ALJ"). Such a
 hearing commenced as scheduled on December 6, 1995. Yet during
 the course thereof, with the advice of counsel, claimant
 switched gears and filed a written withdrawal of her hearing
 request--having come to believe that, because of her marriage
 at age 16, she was statutorily ineligible for benefits. The
 ALJ issued a notice of dismissal six days later pursuant to 20
 C.F.R. 404.957(a).
 At some point thereafter, claimant and her counsel came to
 the conclusion that they had been mistaken--that, because
 claimant had been "left single" before age 22, she was in fact
 eligible for child's benefits. Accordingly, on January 11,
 1996, claimant asked the Appeals Council to vacate the ALJ's
 dismissal of her hearing request and reinstate her application. 
 She there recounted the evolution in her legal position, while
 also explaining that the change in her marital status had not
 earlier been revealed due to unidentified "mental limitations." 
 The Appeals Council was unpersuaded. Finding no "good cause"
 for the request as required by 20 C.F.R. 404.960, it declined
 to vacate the dismissal.
 Claimant filed the instant action under 42 U.S.C. 405(g)
 in order to challenge this ruling. The Commissioner responded
 with a motion to dismiss for lack of jurisdiction, contending
 on the basis of Califano v. Sanders, 430 U.S. 99 (1977), that
 the agency decision was not subject to review. The district
 court agreed and summarily dismissed the case. This appeal
 followed.
 Under 405(g), judicial review is limited to "any final
 decision of the Secretary made after a hearing." In Sanders,
 the Court held that the Commissioner's discretionary decision
 not to reopen a claim for benefits did not fall within this
 provision and so was unreviewable (absent a colorable
 constitutional challenge). See 430 U.S. at 107-09. The same
 conclusion has been reached with respect to the dismissal of a
 hearing request. This is so whether such a dismissal occurred
 because res judicata was thought applicable, see, e.g., Rios v.
 Secretary of HEW, 614 F.2d 25, 26 (1st Cir. 1980); Matos v.
 Secretary of HEW, 581 F.2d 282, 286-87 (1st Cir. 1978), because
 the hearing request was deemed inexcusably untimely, see, e.g.,
 Hilmes v. Secretary of HHS, 983 F.2d 67, 69-70 (6th Cir. 1993),
 or because claimant was absent from the hearing without good
 cause, see, e.g., Brandyburg v. Sullivan, 959 F.2d 555, 558-62
 (6th Cir. 1992); Doe v. Secretary of HHS, 744 F.2d 3, 4-5 (1st
 Cir. 1984) (per curiam). Here, where the Commissioner declined
 to set aside the voluntary withdrawal of a hearing request,
 there is no reason not to apply the same rule. Cf. Hilmes, 983
 F.2d at 70 ("the reason for the dismissal of the hearing
 request--so long as it does not implicate constitutional
 concerns--does not appear to affect the analysis"). 
 The arguments advanced by claimant do not call for a
 different result. She attempts to invoke the exception for
 constitutional claims--by contending that the procedures here
 were "so fundamentally unfair" as to constitute a due process
 violation--but provides no supporting argumentation. Her
 reliance on a regulation governing the withdrawal of benefit
 applications is unhelpful. Her assertion that the Appeals
 Council's ruling constituted a "final decision" overlooks the
 statutory mandate that only a decision "made after a hearing"
 is appealable. And the fact that her hearing request was
 withdrawn after the hearing had commenced is without
 significance. Cf. Rios, 614 F.2d at 26 (hearing held by ALJ to
 consider new evidence prior to dismissal of hearing request on
 res judicata grounds held not to be "a 'hearing' within the
 meaning of 405(g)"). 
 Affirmed.