69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. MILLMINE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1826.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: KRUPANSKY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Robert L. Millmine, appeals the district court's grant of summary judgment affirming the denial by the Secretary of Health and Human Services (the "Secretary") of his application for social security disability insurance benefits.
 
 
 2
 Plaintiff raises two issues on appeal: (1) whether the administrative law judge (the "ALJ") lacked substantial evidence to support his factual determinations; and (2) whether plaintiff was denied his right to a fair hearing when the ALJ that initially denied plaintiff's claim also conducted the rehearing of plaintiff's case on remand.
 
 
 3
 The court finds that the record contains substantial evidence to support the ALJ's factual determinations. Further, the court finds that plaintiff's failure to object to the ALJ's possible bias during the administrative process constitutes a waiver of plaintiff's objection. Therefore, we AFFIRM the grant of summary judgment.
 
 I. FACTS
 
 4
 Plaintiff is a former diesel mechanic with a ninth grade education. He injured his lower back in early 1984, and has not engaged in substantial gainful activity since.
 
 
 5
 Plaintiff filed an application for social security disability insurance benefits in August of 1990, claiming disability due to lower back pain, high blood pressure, diabetes, heart disease and anxiety. After a hearing, ALJ Stalker denied plaintiff's application. Plaintiff successfully appealed this denial to the Appeals Council, which remanded his case for further consideration. ALJ Stalker conducted the rehearing, again denying plaintiff's application.
 
 
 6
 It is undisputed that plaintiff is an overweight smoker who suffers from heart disease, diabetes and anxiety.
 
 II. ANALYSIS
 A. Denial of SSI Benefits
 
 7
 Plaintiff claims disability on two alternate theories: (1) plaintiff is presumptively disabled because his lower-back disability meets the criteria of Listing 1.05C, 20 C.F.R. pt. 404, subpart P, app. 1 (1990); and/or (2) a combination of plaintiff's lower-back disability and other infirmities render him unable to perform any gainful employment. Despite finding plaintiff unable to perform his former job, the ALJ determined that plaintiff did not qualify as disabled.
 
 
 8
 We review the Secretary's findings of fact to determine whether they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (per curiam).
 
 
 9
 Examining the record, we find that the Secretary reasonably determined that plaintiff's lower-back disability does not constitute the kind of vertebraic injury required by Listing 1.05C. Objective tests, including an EMG, CT scan, myelogram, and X-rays failed to reveal any serious degenerative anomalies in plaintiff's lower back. (J.A. at 207, 215-16.) Dr. Pelton, plaintiff's attending physician, stated that plaintiff suffered from post-traumatic arthritis of the spine. (J.A. at 392.) While the opinion of a treating physician is ordinarily entitled to great weight, such opinion may be discounted where there are good reasons for doing so. Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th. Cir.1993). Here, the ALJ properly discounted Dr. Pelton's deposition in light of the failure of other physicians to confirm his diagnosis, the lack of any objective evidence to support Dr. Pelton's conclusion, and uncertainty over plaintiff's condition at the end of his insured disability period.
 
 
 10
 Next, the Secretary properly concluded that plaintiff could perform jobs involving light, sedentary work. Medical examinations reveal, variously, that plaintiff could walk with a normal gait, that he did not suffer from sensory or reflex impairment, and that he did not suffer from muscle atrophy in his extremities. (Respectively, J.A. at 204, 354, 353.) Additionally, the ALJ was properly entitled to discount plaintiff's subjective descriptions of his ability to work. Bradley v. Secretary of Health & Human Servs., 862 F.2d 1224, 1227 (6th Cir.1988) (per curiam). We note that plaintiff failed to seek medical attention for his back between 1985 and 1988, and that several of plaintiff's own statements are inconsistent.
 
 
 11
 Further, plaintiff's other ailments are not disabling. There is no evidence that plaintiff's hypertension, diabetes, heart condition, or anxiety precluded him from working. Plaintiff's own physician stated that it was plaintiff's back condition which was of primary concern. (J.A. at 342.)
 
 
 12
 Having found plaintiff unable to return to his former job, the Secretary bore the burden of showing that plaintiff could perform a significant number of jobs in the national economy. Mullins v. Secretary of Health & Human Servs., 836 F.2d 980, 982-983 (6th Cir.1987) (per curiam). Defendant, however, met this burden by introducing the uncontroverted opinion of a vocational expert who, in response to the ALJ's hypothetical question, stated that there were 8500 jobs in the lower two-thirds of Michigan which plaintiff could perform. (J.A. at 119-120); see Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927-928 (6th Cir.1987) (per curiam).
 
 
 13
 Plaintiff argues that evidence presented to the Appeals Council supports his claim. We, however, decline to consider these new facts because this court may not review evidence presented only to the Appeals Council where the Appeals Council denies review. Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir.1993) (citing Eads v. Secretary of Health & Human Servs., 983 F.2d 815, 817-818 (7th Cir.1993)).
 
 B. Due Process
 
 14
 Plaintiff next claims to have been denied a fair and impartial hearing in violation of his constitutional right to due process because the same ALJ that ruled against plaintiff in the initial proceeding heard plaintiff's case on remand. This court need not reach the merits of plaintiff's claim.
 
 
 15
 Absent good cause, failure to raise the issue of bias before the Secretary constitutes waiver of the right to raise the issue on appeal. Muse v. Sullivan, 925 F.2d 785, 790-791 (5th Cir.1991) (per curiam); see also Harper v. Secretary of Health & Human Servs., 978 F.2d 260, 265 (6th Cir.1992) (per curiam) (refusing to consider an issue not first raised before the Secretary). A review of the record indicates that plaintiff failed to object to ALJ Stalker's potential bias at the administrative level despite ample opportunity to do so. See 20 C.F.R. Sec. 404.940. Because plaintiff has not shown good cause, he cannot now argue that ALJ Stalker was biased against him.
 
 
 16
 AFFIRMED.