89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry YOUNG, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-2357.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: BROWN, KENNEDY, and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Jerry Young, through counsel, appeals a district court judgment granting the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff filed for supplemental security disability insurance benefits on November 5, 1992, alleging disability due to back pain, hearing loss, amputation of four fingers, and reduced eyesight. Young then filed an application for social security income benefits on January 27, 1993. The claims were denied initially and upon reconsideration. After a hearing, an administrative law judge issued a decision denying the applications for benefits. The Appeals Council dismissed Young's request for review as untimely.
 
 
 3
 Young then filed a complaint in federal district court. A magistrate judge concluded that the Secretary's dismissal of Young's appeal as untimely was not a "final decision" entitling Young to judicial review pursuant to 42 U.S.C. § 405(g). Thus, the magistrate judge recommended granting the defendant's motion to dismiss based on lack of jurisdiction. The district court adopted the report and dismissed the complaint. On appeal, Young reasserts the same grounds asserted before the district court.
 
 
 4
 This court concludes that the district court properly dismissed this case for lack of subject matter jurisdiction. This court reviews de novo a district court's ruling regarding subject matter jurisdiction. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991). The Social Security Act clearly limits judicial review to a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 108 (1977). The Act also requires administrative exhaustion, and prevents review of decisions by the Commissioner except as provided under § 405(g). 42 U.S.C. § 405(h). The Appeals Council's order dismissing Young's appeal as untimely was not a "final decision" as that term has been defined by the Act and regulations. See Hilmes v. Secretary of Health and Human Servs., 983 F.2d 67, 69 (6th Cir.1993) (a decision by the Secretary to deny a hearing request does not fall within the purview of § 405(g) as being a "final decision").
 
 
 5
 Accordingly, the district court's judgment is affirmed.