**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LUIS BRANDTNER,

       Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Kenneth S.
Apfel, Commissioner, Social Security
Administration, *

       Defendant-Appellee.

No. 97-2392

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR 96-1721 LH/DJS)

---

Submitted on the briefs:

Luis Brandtner, Pro se.

John J. Kelly, United States Attorney; Joan Marie Hart, Assistant United States
Attorney; Arthur J. Fried, General Counsel, Social Security Administration;
Charlotte J. Hardnett, Principal Deputy General Counsel; John M. Sacchetti,
Associate General Counsel, Litigation Division; Etzion Brand, Acting Chief,
Retirement, Survivors and Supplemental Assistance Litigation Branch, Office of

---

    *     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
Shirley A. Chater, former Commissioner of Social Security, as the defendant in
this action.

the General Counsel, Social Security Administration, Baltimore, Maryland, for Defendant-Appellee.

Before **TACHA** and **McKAY** , Circuit Judges, and **BROWN,** [**] Senior District Judge.

**TACHA** , Circuit Judge.

Plaintiff filed an application for disability insurance benefits on June 6, 1991, claiming disability since June 15, 1957. The application was denied initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ found that plaintiff was entitled to disability benefits beginning on December 31, 1962. The Appeals Council reopened the case on July 20, 1993, and remanded the case to the ALJ for further proceedings.

On January 27, 1994, the ALJ issued a decision that plaintiff was not entitled to disability benefits because he did not meet the disability insured status requirements. Plaintiff was notified that, if he wished to appeal the ALJ's decision, he must do so within sixty days from the date he received notice of the decision. See 20 C.F.R. §§ 404.968(a)(1), 404.971 (together requiring that review

[**]      Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

by Appeals Council must be requested within sixty days of notification of hearing decision). Plaintiff petitioned the Appeals Council to review the ALJ's decision on June 19, 1996, well beyond sixty days from notification of the ALJ decision. Predictably, the Appeals Council dismissed the appeal because it was untimely. Plaintiff filed suit in the United States District Court for the District of New Mexico, seeking review of the denial of benefits. The magistrate judge recommended that the case be dismissed for lack of jurisdiction because there was no final decision of the Secretary as a result of plaintiff's failure to request review by the Appeals Council in a timely manner. The district court, in adopting the magistrate judge's analysis and recommended disposition, dismissed the action with prejudice. Plaintiff appeals from the district court's dismissal. [1]

The district court was correct to dismiss the action. Because plaintiff failed to make a timely request for review of the ALJ's decision denying benefits to the Appeals Council, the ALJ's decision binds plaintiff. See id. § 404.955(a). The Appeals Council's dismissal of plaintiff's request for review is binding and not subject to further review. See id. § 404.972. The dismissal as untimely is not a decision on the merits or a denial of a request for review by the Appeals Council,

_____

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

both of which constitute final decisions and can be reviewed by the federal district court.   See id. § 404.981.  Our sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary.   See Reed v. Heckler , 756 F.2d 779, 782 (10th Cir. 1985).  Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no "final decision" for us to review.  With one exception, every circuit court that has addressed this question has reached this same result.   See Bacon v. Sullivan , 969 F.2d 1517, 1520-21 (3d Cir. 1992) (collecting cases);   Matlock v. Sullivan , 908 F.2d 492, 493 (9th Cir. 1990);   Harper ex rel. Harper v. Bowen , 813 F.2d 737, 739-43 (5th Cir. 1987);   Adams v. Heckler , 799 F.2d 131, 133 (4th Cir. 1986);   Smith v. Heckler , 761 F.2d 516, 518-19 (8th Cir. 1985); Dietsch v. Schweiker , 700 F.2d 865, 867 (2d Cir. 1983);   but see Bloodsworth v. Heckler , 703 F.2d 1233, 1236-39 (11th Cir. 1983).   [2]  Like the

---

[2]    We disagree with the Eleventh Circuit's holding in      Bloodsworth , and we specifically decline to adopt that court's reasoning on this issue.  That court grounded much of its analysis in its opinion that the administrative regulations do not distinguish between dismissals of untimely requests for review and decisions on the merits of a request for review.  We disagree.  For purposes of judicial review, the regulations do not distinguish between a denial of a request for review and a decision on the merits.  They do, however, distinguish between a dismissal of an untimely request and the denial or merits determination of the request, specifically providing that a dismissal is binding and not subject to further review, but that a denial or decision is judicially reviewable.     See Matlock , 908

(continued...)

Bacon court, we join the majority of circuit courts in holding that we have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review, because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g). [3] The district court was correct in dismissing the action for that reason. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

---

[2](...continued)
F.2d at 494.

[3]    We acknowledge that there may be limited circumstances where an Appeals Council dismissal of an untimely request for review may be a "final" decision of the Secretary, such as when a plaintiff raises a constitutional claim of a due process violation. See Bacon, 969 F.2d at 1521-22. We do not reach the question, however, because no such circumstances exist in this case.