Hubert J. BOWENS, Plaintiff–Appellant,

v.

Jo Anne BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–4425.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Hubert J. Bowens, Youngstown, OH, pro se.

Lisa H. Johnson, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before MARTIN and SUTTON, Circuit Judges; and QUIST, District Judge.*

## ORDER

Hubert J. Bowens, a pro se Ohio resident, appeals a district court judgment dismissing his attempt to seek judicial review of the denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bowens filed an application for social security disability insurance benefits on September 18, 1980, alleging that he had been unable to work since June 26, 1980. The application was denied. Bowens then filed subsequent requests for benefits on September 25, 1986, June 10, 1991, October 8, 1992, July 14, 1993, July 7, 1999, and March 11, 2002. It is the March 11, 2002, application which is currently before the court. In his 2002 application, Bowens alleged that he became disabled on May 30, 1978. The application was denied initially and on reconsideration, after which

Bowens requested an administrative hearing. On September 20, 2002, an administrative law judge (ALJ) dismissed the request for a hearing under the doctrine of res judicata based upon the prior decisions of the Commissioner. The Appeals Council declined to review the ALJ's determination.

Bowens then sought judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court dismissed the case for lack of subject matter jurisdiction. On appeal, Bowens simply states that his case was not properly reviewed.

The district court's order is reviewed de novo. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000). Social security claimants are bound by the principles of res judicata and an ALJ can deny a request for a hearing on the basis of res judicata. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir.1997). Federal courts only have jurisdiction to review final decisions of the Commissioner made after a hearing. *See Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir.1981). The courts are without jurisdiction to review the Commissioner's denial of benefits on the basis of res judicata, unless the claimant presents a colorable constitutional claim. *Id.* Since the ALJ denied Bowens's request for a hearing on the basis of res judicata, Bowens must present a colorable constitutional claim to provide the federal courts with jurisdiction to consider his complaint. Bowens's argument that the evidence was not properly reviewed does not constitute a colorable constitutional claim. *See Ingram v. Sec'y of Health and Human Servs.*, 830 F.2d 67, 67–68 (6th Cir.1987).

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.