NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0740n.06

No. 14-5032

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 23, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GARY REED CREECH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | On Appeal from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Kentucky |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, CLAY, and WHITE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge**. Gary Reed Creech appeals the district court's judgment affirming the denial of his application for Social Security Disability Insurance benefits. *See* 42 U.S.C. § 405(g). Having reviewed the record and the arguments presented on appeal, we conclude that no error occurred and find that substantial evidence supports the ALJ's findings. Accordingly, we affirm.

**I.**

Gary Creech worked as a multiple coil winder from 1972 until 2009. Creech filed an application for disability insurance benefits alleging that he became disabled as of July 15, 2009, at age 58, due to breathing problems and arthritic pain in his lumbar spine and hip. After the Social Security Administration denied his application initially and upon reconsideration, Creech

requested a hearing before an administrative law judge (ALJ). A hearing was conducted by video conference before ALJ Charles J. Arnold on October 13, 2011. A written decision denying the claim was issued on November 23, 2011, which became the final decision after the Appeals Council denied Creech's request for review. Creech filed this action seeking judicial review of the final administrative decision, and the district court affirmed for the reasons stated in its opinion entered on November 13, 2013. This timely appeal followed.

## II.

Reviewing the district court's decision de novo, this court determines whether the ALJ applied the correct legal standards and reached a conclusion supported by substantial evidence. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

### A.      Signature

Creech argued in the district court that reversal was required because the Commissioner allowed an ALJ who had not presided over the hearing, and to whom the case had not been reassigned, to author the unfavorable decision contrary to the Commissioner's own procedures set forth in the Hearings, Appeals, and Litigation Law Manual (HALLEX). On appeal, Creech argues that this error denied him due process, violated his right to a de novo hearing under 42 U.S.C. § 405(b), and was not in compliance with the procedures set forth in HALLEX I-2-8-40.

HALLEX is an internal manual that serves to convey "'guiding principles, procedural guidance and information' to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) (quoting HALLEX I-1-0-1). One provision, HALLEX I-2-8-40, addresses situations in which the ALJ who conducted the

hearing is not available to issue or to sign a decision. First, if the ALJ is unavailable to issue a decision for a substantial period of time, the Hearing Office Chief ALJ (HOCALJ) may reassign the case to another ALJ who determines whether another hearing is necessary. There is no indication here that Creech's case was reassigned. Second, if the ALJ has approved a final draft of the decision but is unavailable to sign the decision with either a "wet" signature or a "verified" electronic signature, the HOCALJ may be authorized to sign the final decision on behalf of the temporarily unavailable ALJ. The record supports the district court's finding that this is what occurred here.

Specifically, the record reflects that the hearing was conducted by ALJ Arnold and that the final decision was signed with the electronic signature "Don C. Paris for Charles J. Arnold." There is no dispute that Don Paris was the Hearing Office Chief Administrative Law Judge (HOCALJ). In addition, the denial decision was accompanied by a separate notice of the same date from ALJ Arnold, which stated: "I carefully reviewed the facts of your case and made the enclosed decision." There is no basis to conclude other than that the HOCALJ signed the decision on behalf of the ALJ who had conducted the hearing and drafted the decision. As such, we need not decide whether the internal procedures of HALLEX I-2-8-40 create procedural due process rights. *See, e.g.*, *Lawrence v. Colvin*, No. 3:13-032-DCR, 2014 WL 640990, at *4 (E.D. Ky. Feb. 18, 2014) (citing cases). Moreover, even district courts that have granted relief for failure to comply with HALLEX have required that the plaintiff demonstrate prejudice from the failure to follow the procedures. *See id.*

**B.      Substantial Evidence**

"The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'"  *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  In conducting our review,

> we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.  Instead, we consider the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion.  The substantial evidence standard is less exacting than the preponderance of the evidence standard.  If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.

*Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citations and internal quotation marks omitted).

The ALJ found that Creech met the insured-status requirements for disability benefits through December 31, 2014, and had not engaged in substantial gainful activity since July 15, 2009.  The ALJ found that Creech had severe impairments consisting of arthralgia and emphysema, but that those impairments did not satisfy the severity requirements of any of the listed impairments.  After review of the medical records, including the evaluation by consultative examiner, Mark Burns, M.D., and treating physician William Foley, M.D., the ALJ found that the evidence confirmed Creech's medically determinable impairments of arthritis of the back and shoulder and emphysema, but not the degree of impairment alleged.  Based on Dr. Burns's report, which was not contradicted by Dr. Foley's evaluation, the ALJ found Creech retained the residual functional capacity to perform medium work "except he cannot be exposed to pulmonary irritants, humidity or temperature extremes."

On appeal, Creech argues that this residual-functional-capacity (RFC) finding was not supported by substantial evidence because it was inconsistent with the conclusion that he could

not perform any past relevant work when he had prior work experience that was light-to-medium exertion and semiskilled (clerk, stocker and delivery person). Because this argument was not raised in the district court, we need not consider it for the first time on appeal. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 288 (6th Cir. 2009). Even if we did, however, this claim lacks merit. As the Commissioner points out, there is no internal inconsistency because the light-to-medium work experience that Creech claims was ignored did not constitute past relevant work because it was not work he had performed within the past fifteen years. *See* 20 C.F.R. § 404.1560(b). Further, the ALJ specifically found that Creech had the RFC to perform medium exertion work with certain limitations.

Next, Creech argues that the RFC finding was not supported by substantial evidence because the ALJ stated that he "afford[ed] substantial weight to Dr. Burns['] residual functional capacity because it is supported by the preponderance of the evidence." It is true that Dr. Burns did not make an RFC assessment; however, the ALJ's statement followed a summary of the findings that Dr. Burns did make with respect to plaintiff's physical limitations. Without repeating those findings, we conclude that they provided substantial evidence to support the ALJ's RFC determination.

Finally, the ALJ noted that he "considered the opinions of the Kentucky State Agency program physicians as required by Social Security Ruling 96-6p, concurring in their conclusion that the claimant is 'not disabled' for the reasons detailed above." Creech argues on appeal that the state agency assessments did not provide "concurring support" for the ALJ's RFC findings because those non-examining assessments also found that Creech had no severe impairments. However, no inconsistency in reasoning is reflected by the ALJ's agreement with the conclusion

that Creech was not disabled, and Creech has not shown that the ALJ's RFC determination was not supported by substantial evidence.

**AFFIRMED**.