NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0065n.06

No. 14-5679

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 22, 2015
DEBORAH S. HUNT, Clerk

CINDY LAWRENCE, )
)
    Plaintiff-Appellant, )
)
                                  ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE EASTERN DISTRICT OF
COMMISSIONER OF SOCIAL SECURITY, ) KENTUCKY
)
    Defendant-Appellee. )

BEFORE: BOGGS and McKEAGUE, Circuit Judges; PEARSON, District Judge.[*]

PER CURIAM. Cindy Lawrence appeals the district court's judgment affirming the denial of her applications for disability-insurance benefits and supplemental-security-income benefits. We affirm.

In 2010, Lawrence filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on May 31, 2010. After the Social Security Administration denied the applications, Lawrence requested and received a hearing before an administrative law judge (ALJ). Lawrence was denied relief in a written decision, but the decision was signed by the Hearing Office Chief Administrative Law Judge (HOCALJ) for the ALJ. The Appeals Council declined to review the case, and the district court affirmed the denial of Lawrence's applications.

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Lawrence argues that the presiding ALJ's failure to sign the decision denying her relief violated her rights and that the ALJ's determination that she could perform a limited range of light work was not supported by substantial evidence. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Lawrence first argues that, by failing to sign the decision that denied her relief, the presiding ALJ violated the procedures set forth in the Hearings, Appeals, and Litigation Law Manual (HALLEX) and denied her due process and the right to a de novo hearing under 42 U.S.C. § 405(b). Even if this argument were not waived, Appellee Br. 18–20, the record supports the district court's determination that the HOCALJ complied with the requirements set forth in the HALLEX by signing the decision on behalf of the ALJ, who had conducted the hearing and drafted the decision but was temporarily unavailable to sign it. Indeed, the HOCALJ signed the hearing decision "*for*"—*i.e.*, "on behalf of"—the ALJ. HALLEX I-2-8-40, 1993 WL 643064, at *1 (S.S.A. Sept. 2, 2005). Because there is no basis to conclude to the contrary, Lawrence has not shown that she was denied a de novo hearing or that any procedural violation occurred. *Creech v. Comm'r of Soc. Sec.*, 581 F. App'x 519 (6th Cir. 2014) (reaching the same conclusion); *see U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) ("[A] presumption of regularity attaches to the action of Government agencies."). Further, in any case, Lawrence has

not shown that she suffered prejudice as a result of the HOCALJ signing the decision on behalf of the ALJ. *See Creech*, 581 F. App'x at 519.

Lawrence also argues that the ALJ erred in several ways in concluding that she retained the capacity to perform a limited range of light work: (1) the ALJ based his decision on her ability to care for her young daughter; (2) the ALJ failed to properly weigh the evidence of her physical and mental impairments; and (3) the ALJ discounted testimony from a vocational expert that Lawrence's impairments precluded her from working. Despite Lawrence's arguments to the contrary, the vocational expert did not testify that her impairments precluded her from working, and the ALJ did not base his decision on the evidence that she could care for her daughter. Rather, the ALJ properly considered the evidence that Lawrence could care for her daughter as part of an overall assessment of Lawrence's functional capacity. And the ALJ's determination that Lawrence could perform a limited range of light work was supported by substantial evidence in the record, including the objective medical evidence, the credible portions of the medical-source opinions, and Lawrence's daily activities.

Accordingly, we AFFIRM the district court's judgment.