RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0017p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICKY LEE SMITH,

*Plaintiff-Appellant*,

*v.*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee*.

No. 17-5809

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:16-cv-00003—David L. Bunning, District Judge.

Decided and Filed:  January 26, 2018

Before:  MERRITT, GRIFFIN, and DONALD, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Wolodymyr Cybriwsky, Prestonburg, Kentucky, for Appellant.  Laura H. Holland, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

_____

**OPINION**

_____

MERRITT, Circuit Judge.  Ricky Lee Smith filed an application for supplemental security income resulting from disability.  A hearing was conducted before an administrative law judge ("ALJ").  The ALJ issued an unfavorable decision, finding that Smith was not disabled under the Social Security Act.  The notice of decision stated that Smith had sixty days to file a written appeal with the Appeals Council if he disagreed with the ALJ's decision.  Smith's

attorney claimed he timely mailed a request for review to the Appeals Council, but was unable to provide any independent evidence of this. The Social Security Administration did not receive the request until approximately four months after the time for appeal had expired. Finding no good cause for the untimeliness, the Appeals Council dismissed the appeal. Smith subsequently filed a civil complaint seeking review of the Appeals Council's dismissal of his untimely request for review. The district court dismissed his complaint for lack of jurisdiction and because Smith made no colorable constitutional claims.

On appeal to this court, Smith alleges that he suffered due process violations because: (1) his request for Appeals Council review was timely submitted but dismissed as untimely, (2) a different ALJ signed his hearing decision than the one that presided over his hearing, and (3) the ALJ referenced Smith's 1988 favorable supplemental security income decision in his unfavorable decision denying income for new medical conditions, but failed to attach a copy of it as an exhibit. We hold that an Appeals Council decision to refrain from considering an untimely petition for review is not a "final decision" subject to judicial review in federal court. Further, for the reasons explained below, each of Smith's due process arguments fail. Therefore, we **AFFIRM** the order of the district court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 1987, Smith filed an application for supplemental security income resulting from disability. On October 13, 1988, an ALJ issued a favorable decision. Smith received benefits until 2004, when he was found to be over the resource limit.

Smith filed another application for supplemental security income on August 7, 2012, alleging additional medical conditions as a result of his original disability. The claim was initially denied, and denied again upon reconsideration.

Smith timely filed a request for a hearing before an ALJ. A hearing was conducted by videoconference before ALJ Robert Bowling on February 18, 2014. On March 26, 2014, ALJ Don Paris signed a decision on behalf of ALJ Bowling denying Smith's claim. Pursuant to the governing regulations, Smith had sixty days to appeal the decision to the Appeals Council. He

claims that he mailed a written request for review to the Appeals Council on April 24, 2014.[1] On September 21, 2014, Smith faxed a correspondence to the Society Security Administration, inquiring as to the status of his appeal, and attaching a copy of his written request, which was dated April 24, 2014. A claims representative informed Smith in a letter dated October 1, 2014, that his request had not been placed in the "electronic folder," and that if the Appeals Council had received the request, it would have mailed a receipt. The representative mailed a completed request for review form to the Appeals Council along with Smith's written request for review. The representative informed Smith that his appeals request was filed as of that day, October 1, 2014. On November 6, 2015, the Appeals Council dismissed the request for review as untimely, having found no good cause to extend the time for filing because Smith's attorney could not provide evidence indicating that it was sent within the appropriate time.

Smith filed a civil action seeking review of the Appeals Council's dismissal. Smith alleged in his complaint that the Appeals Council improperly dismissed his request for review and that he suffered due process violations. The Commissioner moved to dismiss the complaint for lack of subject matter jurisdiction, and alternatively, for failure to state a claim. The district court determined that there was no judicial review available because the Appeals Council's dismissal of Smith's request for appeal as untimely did not constitute a final decision and Smith made no colorable constitutional claims. It subsequently granted the Commissioner's motion. Smith filed a motion for relief from the court's order, which the court denied. He now appeals.

## II. ANALYSIS

### A. Jurisdiction

The threshold question is whether the decision of the Appeals Council not to consider Smith's untimely request for review was a "final decision" subject to judicial review under 42 U.S.C. § 405(g). We hold that it was not.

---

[1]Smith's attorney asserts that he timely mailed a written request for review using first-class mail in his court filings and in his correspondence with the Social Security Administration. However, other than his own testimony, he is unable to provide any proof that he mailed the request on April 24, 2014.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *See Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991). The Social Security Act limits judicial review to a "final decision" of the Commissioner made after a hearing. 42 U.S.C. § 405(g). When a claimant is not satisfied with an ALJ's hearing decision, the claimant may request review from the Appeals Council within sixty days of receipt of the decision. 20 C.F.R. §§ 416.1467–416.1468. The Appeals Council may "deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case" to an ALJ. *Id.* § 416.1467. If the claimant demonstrates good cause for missing the filing deadline, the regulations permit the Appeals Council to extend the time for filing an otherwise untimely request for review. *Id.* § 416.1468(b). If the Appeals Council dismisses the request for review as untimely, the dismissal is binding and not subject to further review. *Id.* §§ 416.1471–416.1472. Judicial review is available only after administrative exhaustion. *Id.* § 416.1400(a)(5).

In *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court held that judicial review of a denial of a petition to reopen a prior final decision is unavailable in the absence of a colorable constitutional claim. The Court reasoned that, "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§] 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Id.*

We have not directly addressed the issue at hand in a published opinion, but we have addressed similar issues on which we can rely. In *Hilmes v. Secretary of Health & Human Services*, 983 F.2d 67, 68 (6th Cir. 1993), the claimant had sixty days to request a hearing before an ALJ after receiving a notice of award from the Social Security Administration. The claimant sought an extension of the request deadline, but then failed to request a hearing until after the extension had expired. *Id.* The ALJ subsequently dismissed the request for a hearing as untimely, and the Appeals Council declined to review the matter, although it noted that there had been no good cause for missing the extended deadline. *Id.* In affirming the district court's dismissal of the plaintiff's petition, we followed the *Sanders* rationale and held that the dismissal of a hearing request as untimely was unreviewable. *Id.* at 69–70. In subsequent unpublished

cases, we have applied the *Sanders* and *Hilmes* rules to hold that an order from the Appeals Council dismissing a plaintiff's appeal as untimely is not a "final decision" as defined by the Social Security Act and regulations. *See Coleman v. Comm'r of Soc. Sec.*, No. 96-1395, 1997 WL 539674, at *2 (6th Cir. Aug. 29, 1997) (per curiam) (unpublished table decision); *Young v. Comm'r of Soc. Sec.*, No. 95-2357, 1996 WL 343527, at *1 (6th Cir. June 20, 1996) (unpublished table decision).

Turning to our sister circuits, the majority view is that the Appeals Council's decision to hear an untimely request for review is discretionary, and refusals of such requests do not constitute "final decisions" reviewable by district courts. *See, e.g., Brandtner v. Dep't of Health & Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998); *Bacon v. Sullivan*, 969 F.2d 1517, 1520 (3d Cir. 1992); *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990) ("[P]ermitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims."); *Harper ex rel. Harper v. Bowen*, 813 F.2d 737, 743 (5th Cir. 1987) (holding that the Appeals Council's refusal to grant an extension and consider an untimely request for review is not, under *Sanders* and the Secretary's requirements for exhaustion, a "final decision"); *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986); *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). Only the Eleventh Circuit sees this issue differently. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Eighth Circuit expressed compelling reasoning for determining that the dismissal of an appeal for failure to timely file is not a final decision:

> The Appeals Council may dismiss a request for review if it is not filed within the stated time. 20 C.F.R. § 404.971 (1984). Such dismissal is binding and not subject to further review. *Id.* 404.972. Such action does not address the merits of the claim, and thus cannot be considered appealable, as can the Appeals Council's decisions and denials of *timely* requests for review. *See id.* §404.981. As we stated in *Sheehan*, "If the claimant may obtain review in this situation [late filing of an appeal] the Secretary's orderly procedures for processing disability claims mean little or nothing. If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision."

*Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985) (quoting *Sheehan v. Sec'y of Health, Educ. & Welfare*, 593 F.2d 323, 326–27 (8th Cir. 1979)) (brackets in original). Similarly, we conclude that Appeals Council decisions to dismiss untimely petitions for review are not final decisions reviewable in federal court. Thus, the district court properly concluded it lacked jurisdiction under 42 U.S.C. § 405(g) unless Smith presented a colorable constitutional claim.

## B. Due Process

The Supreme Court recognized that when a constitutional challenge is raised to an otherwise unappealable order, "access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109. This court has interpreted this to mean that a reviewing court must determine whether the plaintiff has established a "colorable constitutional claim." *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992). Absent this claim, a federal court has no jurisdiction to review the Appeals Council's decision. *See id.* The use of constitutional language to dress up a claim "does not convert the argument into a colorable constitutional challenge." *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987).

Smith claims that his due process rights were violated because: (1) the Appeals Council denied his request for review as untimely after he allegedly timely mailed the request, (2) a different ALJ signed the unfavorable decision than the ALJ that held his hearing, and (3) his 1988 decision was referenced by the ALJ but not attached to the decision as an exhibit. Smith argues that the district court's dismissal of his appeal is not supported by substantial evidence, actual evidence, the Commissioner's own regulations and policies, or judicial rulings. We address each argument in turn.

### 1. Request for Review

Smith does not argue that he lacked notice of the filing requirements. He instead argues that he did, in fact, timely file his notice of appeal. The district court determined that aside from his attorney's own testimony, Smith was not able to provide any proof that he mailed his written request on April 24, 2014. The court concluded that "[a]bsent independent evidence, such as a postmark or dated receipt, this Court cannot reverse the Appeals Council's determination that the written request for appeal was untimely." *Smith v. Comm'r*, No. 5:16-cv-00003-DLB (E.D. Ky.

Jan. 12, 2017).  Smith claims on appeal that this finding is contrary to the Commissioner's own regulations, specifically 20 C.F.R. § 404.630,[2] which he asserts "state[s] that the Commissioner is to use the date of the written statement as to be considered the date of filing."  Further, he argues that the Commissioner's Hearings, Appeals, and Litigation Law Manual, referred to as "HALLEX," "accepts the date of the written request as being the date filed, even if the postmark is unreadable or absent."

In *McKentry v. Secretary of Health & Human Services*, 655 F.2d 721, 722 (6th Cir. 1981), the disability claimant's application was denied without a hearing on the merits due to a determination that she failed to request a hearing and reconsideration of the initial denial of her claim within sixty days.  The claimant's file contained a dated copy of a "Notice of Reconsideration," which advised that McKentry would need to request a hearing not later than sixty days after receiving the notice, but no evidence that it was actually mailed to her.  *Id.* at 723.  The claimant and her attorney filed sworn statements that they never received a copy of a notice of redetermination from the Social Security Administration.  *Id.* at 722.  The ALJ rejected these affidavits and dismissed the claimant's request for a hearing.  *Id.*  The Appeals Council agreed with the ALJ.  *Id.*  We reversed and remanded for a hearing on the merits after finding no evidence that the notice was ever mailed to the claimant.  *Id.* at 724.  We concluded that "[t]he presence of a piece of paper in the Department's file is not necessarily proof of mailing."  *Id.*

The same reasoning applies here.  Just as a dated piece of paper in the Department's file was not proof of mailing in *McKentry*, in this case, Smith's dated request for appeal and his attorney's testimony that he timely mailed the request is not proof that the request was actually mailed.  Further, the Social Security Administration has no record of ever timely receiving the request and Smith was unable to provide a postmark or dated receipt.  Taking into account this lack of independent evidence, there is no presumption of receipt.  *See Hobt v. Comm'r of Soc. Sec.*, 175 F. App'x 709, 710 (6th Cir. 2006) ("As this Court explained in *McKentry,* a presumption of receipt is inappropriate where there is no evidence that the notice was ever mailed."); *Crook v. Comm'r*, 173 F. App'x 653, 657 (10th Cir. 2006) ("Self-serving declarations

---

[2]Smith also claims that 20 C.F.R. § 404.633 supports his argument.  However, § 404.633 has to do with misinformation being provided by an agency employee, which is not applicable here.

of mailing, without more, are insufficient to invoke the presumption of delivery.") (internal quotations, brackets, and citations omitted); *cf. Carroll v. Comm'r*, 71 F.3d 1228, 1229 (6th Cir. 1995) (holding that the common law mailbox rule has no application where the IRS is involved and that "a taxpayer who sends a document to the IRS by regular mail, as opposed to registered or certified mail, does so at his peril"). Even if such a presumption were appropriate, however, it was effectively rebutted by the Administration's statement that it did not receive the request before October 1, 2014—approximately four months late. Further Smith, unlike the claimant in *McKentry*, had a hearing before an ALJ. The district court properly found that Smith did not suffer any due process violations.

Smith also relies on 20 C.F.R. § 404.630. That provision states that "[i]f a written statement, such as a letter, indicating your intent to claim benefits . . . is filed with us under the rules stated in § 404.614, we will use the filing date of the written statement as the filing date of the application" if certain additional requirements are met. However, § 404.614(a) states that "[e]xcept as otherwise provided in paragraph (b) of this section . . . a written statement, request, or notice is filed on the day it is received." Paragraph (b) goes on to say that the Social Security Administration will also accept as the date of filing the date a written request is mailed to it, if using the date of receipt "would result in a loss or lessening of rights." In such a case, the date on the postmark will be used as the date of mailing. § 404.614(b)(2). If the postmark is unreadable or absent, the Administration will consider other evidence of when the claimant mailed the request. *Id.*

Smith's reliance on § 404.630 is misplaced. Smith's request was not considered filed until October 1, 2014, the date it was received by the Administration. Not only was the postmark absent, but there is no evidence that his request for appeal was ever mailed to the Administration during the appeals period because the agency never received anything from him. Other than his attorney's assertion that he timely mailed the request, Smith was unable to provide any "other evidence" to the Administration or the district court.

Smith also relies on the HALLEX.**³**  The relevant provision, I–2–0–40, states that ordinarily a request for a hearing is considered filed as of the date it is received by the Social Security Administration office.  *Request for Hearing Filing Requirements*, HALLEX (May 1, 2017), https://www.ssa.gov/OP_Home/hallex/I-02/I-2-0-40.html.  However, the agency will also accept as the date of filing a postmark date on the envelope in which the request was mailed, if using the date of receipt would result in a loss of the claimant's rights.  *Id.*  If the postmark is unreadable or absent, the Administration considers the request timely mailed if it receives it by the seventieth day after the date on the notice of the determination or decision being appealed. *Id.*  It will also consider other evidence of when the claimant mailed the request.  *Id.*

This is similar to our analysis above.  This argument also fails to persuade us because Smith's request for appeal was not received by the seventieth day after the date on the notice of the decision being appealed.  It was received four months after the time for appeal had expired. Additionally, none of the cases that Smith cites provide any support for his contentions.

**2. Signature**

Smith next argues that, because ALJ Paris signed the decision on behalf of ALJ Bowling, the presiding ALJ, this violated the procedures set forth in the HALLEX, denied him due process, and constituted fraud.  This argument lacks merit.  The relevant HALLEX provision, I–2–8–40, explains that when an ALJ conducts a hearing but becomes unavailable to sign the decision, the Hearing Office Chief ALJ may sign the decision on behalf of the presiding ALJ, if the presiding ALJ has approved the final draft decision.  *Administrative Law Judge Conducts Hearing but Is Unavailable to Issue Decision*, HALLEX (Mar. 10, 2016), https://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-40.html.  Therefore, ALJ Paris, as the Hearing Office Chief ALJ, had the authority to sign the hearing decision if ALJ Bowling, the presiding ALJ, was unavailable.  The record supports the district court's determination that the Commissioner complied with the HALLEX requirements because the signature on the ALJ's decision plainly states that ALJ Paris was signing for ALJ Bowling.  The actions were appropriate under the HALLEX and Smith did not suffer due process violations.  *See Creech v.*

---

**³**Smith cites HALLEX provision I–2–505B in his brief, which does not exist.  We can assume that he is referring to I–2–0–40 instead, which covers the filing requirements for requests for hearings.

*Comm'r of Soc. Sec.*, 581 F. App'x 519, 521 (6th Cir. 2014) (reaching the same conclusion when confronted with the same argument by Smith's attorney). Furthermore, Smith has not shown any prejudice that he suffered as a result of ALJ Paris signing the decision on behalf of ALJ Bowling. *See id.*; *Lawrence v. Comm'r of Soc. Sec.*, 591 F. App'x 470, 471 (6th Cir. 2015) (per curiam) (finding no procedural violations and no prejudice when this argument was again raised by Smith's attorney).

### 3. Exhibit

Finally, Smith argues that his due process rights were violated when his 1988 decision was referenced by the ALJ but not included as an exhibit in the decision. He did not raise this argument with the district court, and therefore it is forfeited. *See Harper v. Sec'y of Health & Human Servs.*, 978 F.2d 260, 265 (6th Cir. 1992) (refusing to consider an issue not first raised before the Secretary); *cf. Millmine v. Sec'y of Health & Human Servs.*, No. 94-1826, 1995 WL 641300, at *2 (6th Cir. Oct. 31, 1995) (per curiam) (unpublished table decision) (finding that plaintiff's failure to object to an ALJ's possible bias during the administrative process constitutes a waiver of plaintiff's objection). However, even if Smith's factual allegations are true, he has not explained why they would amount to a due process violation, and similar arguments have been rejected as attempts to "dress up" claims as constitutional issues. *E.g.*, *Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 315 (2004) (finding meritless the claimant's argument that the lack of an administrative record of her prior application had denied her due process); *Gosnell v. Sec'y of Health & Human Servs.*, 703 F.2d 216, 218 (6th Cir. 1983) (holding that due process does not require "the Secretary to retain records perpetually").

### III. CONCLUSION

In sum, we find that the district court lacked jurisdiction to review the Appeals Council's dismissal of the untimely request for review and that Smith fails to make any colorable constitutional claims. We **AFFIRM**.