NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0348n.06
No. 18-5062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 13, 2018
DEBORAH S. HUNT, Clerk

REX COLLINS, )
    )
    **Plaintiff-Appellant,**    )    ON APPEAL FROM THE
    )    UNITED STATES DISTRICT
v.    )    COURT FOR THE EASTERN
    )    DISTRICT OF KENTUCKY
COMMISSIONER OF SOCIAL SECURITY, )
    )
    **Defendant-Appellee.**    )    **OPINION**
    )

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Rex Collins appeals the dismissal of his suit against the Commissioner of Social Security for lack of subject-matter jurisdiction. For the following reasons, we **AFFIRM**.

**I. FACTS AND PROCEDURE**

In October 1995, the Commissioner determined that Collins was disabled as of March 2, 1995. R. 12-1 (2016 Order of Dismissal) (Page ID #83). The Commissioner redetermined Collins's disability the following year after Congress modified the Social Security Act to exclude from the definition of "disabled" those individuals for whom alcoholism or drug addiction was "a contributing factor material to the Commissioner's determination that the individual is disabled." Contract with America Advancement Act of 1996, Pub. L. No. 104–121, § 105, 110 Stat. 847. Alcoholism or drug addiction is generally considered a "contributing factor material to the determination of disability" if an individual would not be determined disabled if he or she stopped

using drugs or alcohol. 20 C.F.R. § 416.935(b)(1) (1996); *see also* 20 C.F.R. § 416.935(b)(1) (2018). Under that standard, the Commissioner found that alcoholism was a contributing factor material to Collins's disability. R. 12-1 (2016 Order of Dismissal) (Page ID #84).

Collins appealed the Commissioner's 1996 redetermination and alleged that he was disabled as of March 2, 1995 even without consideration of his alcoholism. *Id.* Administrative Law Judge ("ALJ") Chwalibog held a hearing, at which Collins was represented by counsel. *Id.* Following that hearing, ALJ Chwalibog found that Collins was not disabled without consideration of his alcoholism. *Id.* Collins appealed this decision administratively, and the Appeals Council affirmed in November 2000.

Collins subsequently reapplied for disability benefits. *Id.* (Page ID #83). Collins's insured status expired on December 31, 2001, during the pendency of this application. *Id.* In April 2002, ALJ Andrus denied Collins's benefits claim. *Id.* Collins lost his administrative appeal of this decision in July 2002. *Id.*

In 2014, Collins again applied for disability benefits alleging that he had been disabled as of March 2, 1995—this is the benefits claim at issue in this case. *Id.* Through counsel Collins requested a hearing. *Id.* Because Collins's insured status expired at the end of 2001—a time period already considered by ALJ Andrus—and Collins presented no new evidence "concerning the facts and issues ruled upon in connection with the previously adjudicated period," ALJ Hodges dismissed the request for a hearing based on res judicata. *Id.* (Page ID #85); *see also* 20 C.F.R. § 404.957(c)(1). The Appeals Council denied Collins's request for review on March 28, 2017. R. 12-1 (2017 Denial of Review) (Page ID #98).

No. 18-5062, *Collins v. Comm'r of Soc. Sec.*

On May 30, 2017, Collins filed a complaint in the United States District Court for the Eastern District of Kentucky alleging that the Commissioner's determination that he was not disabled was not supported by substantial evidence. R. 1 (Compl. at 2) (Page ID #2). The Commissioner moved to dismiss Collins's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. 12 (Def. Mot. to Dismiss (Page ID #74–76). The district court granted the Commissioner's motion, R. 15 (Dist. Ct. Op.) (Page ID #108–11); R. 16 (Judgment) (Page ID #112), and Collins timely appealed, R. 17 (Notice of Appeal) (Page ID #113).

## II. ANALYSIS

"We review de novo a district court's dismissal for lack of subject matter jurisdiction." *Smith v. Comm'r of Soc. Sec.*, 880 F.3d 813, 815 (6th Cir. 2018), *petition for cert. filed*, 86 U.S.L.W. 3622 (U.S. May 29, 2018) (No. 17-1606).

The Social Security Act limits judicial review to "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The dismissal of a benefits claim without a hearing on the basis of res judicata does not constitute a final decision within the meaning of § 405(g). *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69–70 (6th Cir. 1993); *see also Bowens v. Barnhart*, 101 F. App'x 93, 94 (6th Cir. 2004) (order). But there is an exception to § 405(g). "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). Thus, § 405(g) does not serve as a

jurisdictional bar for the "adjudication of colorable constitutional claims." *Id.*; *see also Smith*, 880 F.3d at 816.

Because Collins's 2014 benefits claim was dismissed on the basis of res judicata, the district court does not have subject-matter jurisdiction over his complaint unless he has raised colorable constitutional claims. Collins asserted no constitutional claims in his complaint; rather he alleged that the Commissioner's decision was not supported by substantial evidence. R. 1 (Compl.) (Page ID #1–2).

Collins did not move to amend his complaint, but in his opposition to the Commissioner's motion to dismiss, Collins argued that he was denied due process because: (1) he was not granted a hearing; (2) the exhibit list attached to the dismissal of his claim does not list the prior administrative decisions on which ALJ Hodges relied in determining that Collins's current benefit claim was barred by res judicata; and (3) the Commissioner has inconsistently applied this doctrine with respect to Collins's prior benefit claims. R. 13 (Pl. Opp. to Def. Mot. to Dismiss at 2–3) (Page ID #102–03). The district court declined to construe Collins's arguments in his response as a motion to amend his complaint. R. 15 (Dist. Ct. Op. at 3) (Page ID #110). Collins perfunctorily argues that the district court should have considered his response as a motion to amend, Appellant Br. at 8–9, but the district court is not required to construe arguments in plaintiff's briefing as a motion to amend and it does not abuse its discretion when it declines to do so. *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012); *cf. Begala v. PNC Bank*, 214 F.3d 776, 783–84 (6th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of the Commissioner's motion to dismiss for lack of subject-matter jurisdiction.  Because the administrative record is not before us, we express no opinion on whether Collins's constitutional claims are colorable and thus would serve as an exception to the jurisdictional bar of § 405(g) if he amended his complaint.  28 U.S.C. § 1653; 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1489 (3d ed. Apr. 2018 update).